UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VINCENT MURRAY          :
                        :
     v.                 :  C.A. No. 12-433ML
                        :
STATE OF RHODE ISLAND and :
JUSTICE JUDITH SAVAGE   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On June 7, 2012, pro se Petitioner Vincent Murray filed a purported "Bivins [sic] Action" against the State of Rhode Island and Superior Court Justice Judith Savage. (Document No. 1). Petitioner contends that Justice Savage conducted an "illegal trial" on October 18, 1996 and "committed Treason to the U.S. Constitution two (2) times in [his] case when she also did not have Jurisdiction." Id. at pp. 1, 5. Further, although he is not named as a Defendant, Petitioner also alleges that Superior Court Justice Stephen Nugent conducted an "illegal trial" in 2007 and "illegally sentenced" him to serve nine years for violating his probation. Id. at p. 6. On June 8, 2012, Chief Judge Lisi referred Petitioner's Complaint to me for preliminary review. See Rule 4 of the Federal Rules Governing Section 2254 cases. After thoroughly reviewing Petitioner's Complaint, I recommend that it be dismissed with prejudice, in part, and that the State be ordered to file a response to the remainder.

On October 29, 1996, a Superior Court jury found Petitioner guilty of two counts of second degree child molestation. Murray v. Wall, C.A. No. 02-461T, 2003 WL 21011207 at *1 (D.R.I. Jan. 23, 2003). Justice Savage presided over the trial and subsequent sentencing. The victim was Petitioner's nine year old niece. Id. Petitioner "received a sentence of fifteen years, six to serve,

nine suspended, and nine years probation for each count." Id. Petitioner's conviction was affirmed by the Rhode Island Supreme Court on January 7, 1999. State v. Murray, 726 A.2d 467 (R.I. 1999). On December 20, 2001, the Rhode Island Supreme Court affirmed the denial of Petitioner's Rule 35 Motion to Correct an illegal sentence. State v. Murray, 788 A.2d 1154 (R.I. 2001). Petitioner has filed four prior actions unsuccessfully seeking relief from this Court under 28 U.S.C. § 2254. See Murray v. Vose, C.A. No. 99-176ML, 1999 WL 482395 (D.R.I. June 28, 1999); Murray v. Wall, supra; Murray v. Wall, C.A. No. 10-355ML, 2011 WL 1463630 (D.R.I. April 15, 2011); and Murray v. Carcieri, C.A. No. 11-001ML, 2011 WL 1463635 (D.R.I. April 15, 2011).

**Discussion**

Although Petitioner's filings are rambling and confusing, it is clear that he does not state a viable claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which creates an implied right of action for deprivation of a federally protected right by a federal official acting under color of his authority. Rather, this is yet another attempt by Petitioner to challenge the constitutionality of his current state incarceration and thus this action is a petition for writ of habeas corpus under 28 U.S.C. § 2254 and will be treated as such. In his Complaint, Petitioner repeatedly alleges that his trials and sentences were illegal and unconstitutional. (Document No. 1). Thus, Petitioner's "Bivins [sic] Action" is properly treated as a petition under 28 U.S.C. § 2254(a) "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

It appears that Petitioner was paroled in 2001 prior to completing his original six-year sentence due to his advancing age. See State v. Murray, 788 A.2d at 1156 n.2. From a review of

Petitioner's filings, it appears that Petitioner returned to New York after being paroled, and an effort was made to transfer the supervision of his probation from Rhode Island to New York. After New York refused to accept the transfer, the State alleged that Petitioner violated the terms of his probation by remaining in New York without permission. On May 15, 2007, the Superior Court, after hearing, declared Petitioner to be a probation violator and sentenced him to serve the previously suspended sentence of nine years. On June 29, 2011, the Supreme Court affirmed the probation violation finding and dismissed Petitioner's appeal. State v. Murray, 22 A.3d 385 (R.I. 2011).

Before a federal court may grant habeas relief, a petitioner must exhaust all of his available remedies in state court. See 28 U.S.C. § 2254(b)(1)(A) ("an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...."). The "exhaustion prerequisite" for filing a federal habeas corpus claim was created, "[i]n recognition of the state courts' important role in protecting constitutional rights..." and "holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). "Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." Id. at 263. The exhaustion prerequisite contained in 28 U.S.C. § 2254 "is rooted in principles of comity which counsel that state courts be afforded an opportunity to deal with alleged constitutional violations arising from their proceedings before federal jurisdiction may be invoked." Barber v. Moran, 753 F. Supp. 421, 422 (D.R.I. 1991).

First, as to Petitioner's claims regarding his 1996 conviction, they are too little and too late. On October 23, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in this Court challenging his conviction and sentence. Murray v. Wall, C.A. No. 02-461T. That Petition was found to be untimely under 28 U.S.C. § 2244(d)(1) and dismissed with prejudice in 2003. See Murray v. Wall, C.A. No. 02-461T, 2003 WL 21011207 (D.R.I. Jan. 23, 2003). According to the docket, Petitioner's appeal to the First Circuit was unsuccessful. If his Section 2254 Petition was untimely in 2003, it is still untimely today. Thus, I recommend that this action be dismissed with prejudice as to Justice Savage and all claims arising directly out of Petitioner's 1996 trial, conviction and sentence.

Second, as to Petitioner's claims regarding his 2007 probation violation finding and sentence, the record is less clear based on the limited information presently before the Court. As discussed above, Petitioner previously brought two habeas actions in this Court – one in 2010 and one in 2011 – which, in part, challenged his 2007 probation violation finding and sentence. These were plainly unexhausted claims at the time since Petitioner's direct appeal of the violation finding was still pending and they were dismissed as such. However, on June 29, 2011, the Rhode Island Supreme Court affirmed the violation finding and concluded that Justice Nugent did not act arbitrarily or capriciously in adjudicating Petitioner to be a probation violator. See State v. Murray, 22 A.3d 385 (R.I. 2011). Thus, it appears that Petitioner may now have exhausted his state court remedies regarding his claims directed at the 2007 probation violation finding.

Accordingly, for the foregoing reasons and liberally construing Petitioner's pro se allegations, I recommend that Petitioner's "Bivins" Complaint be construed as a habeas corpus petition brought under 28 U.S.C. § 2254 and that it (1) be dismissed with prejudice as to all claims against Justice Savage and all claims directed at Petitioner's 1996 trial, conviction and sentence; and

(2) be allowed to proceed solely against the State of Rhode Island as a habeas corpus challenge to his 2007 adjudication as a probation violator and sentence for such violation. Further, I recommend that the State be ordered to file a Response to the Petition as it relates to the 2007 claims which addresses the issues of exhaustion, timeliness, second or successive petition and the merits.[1]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 14, 2012

---

[1] Even if the State believes that it has a dispositive procedural defense(s), I recommend that it still be required to address the merits given the Petitioner's age, the fact that his original conviction dates back over fifteen years and his prior multiple unsuccessful efforts to seek federal judicial review. However, this recommendation should in no way be viewed as a suggestion one way or the other regarding the substantive merits of this case.